IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,     Plaintiff, v. JAMES WIDTFELDT,     Defendant. | Case No. **COMPLAINT** |

The United States of America, plaintiff herein, alleges as follows:

1. This is a civil action in which the United States seeks to reduce to judgment transferee liability imposed against the defendant, James Widtfeldt, pursuant to 26 U.S.C. § 6324(a)(2) and (b), related to certain unpaid federal gift and estate taxes, and to sell real property owned by Widtfeldt to satisfy the liabilities.

**Jurisdiction and Parties**

2. This action is commenced at the request and with the authorization of a delegate of the Secretary of Treasury and at the direction of the Attorney General pursuant to 26 U.S.C. §§ 7401 and 7403.

3. This Court has jurisdiction over this action pursuant to 26 U.S.C. §§ 7402 through 7404, and 28 U.S.C. §§ 1340 and 1345.

4. Venue is proper in this Court under 28 U.S.C. § 1391(b) and 1396 because this is the district where the defendant resides, where the events giving rise to the claims occurred, and where the property that the United States seeks to sell is located.

5. The defendant, James Widtfeldt ("Widtfeldt"), resides in Holt County, Nebraska.

**Facts**

6. Gusteva Widtfeldt ("Gusteva") was the mother of James Widtfeldt and resided in Holt County, Nebraska.

7. In 2004 Gusteva made gifts of property to Widtfeldt. The property included two parcels of real estate referred to as the "River Place" (app. 1,990 acres) and the "O'Neill Rental Houses."

8. Gusteva did not file a federal gift tax return reporting the gifts or pay the federal gift tax associated with the gifts she made in 2004.

9. Gusteva died February 8, 2006.

10. James Widtfeldt was the Executor of the Estate of Gusteva Widtfeldt (the "Estate").

11. The IRS conducted an examination of the Estate's taxes and determined the Estate owed federal gift and estate taxes.

12. The IRS determined that the gifts Gusteva made to Widtfeldt in 2004 had a value of $1,041,987.00, which resulted in a $305,141 gift tax deficiency, a late filing penalty under 26 U.S.C. § 6651(a)(1) in the amount of $68,657.00, and a late payment penalty under 26 U.S.C. § 6651(a)(2) in the amount of $76,285.25.

13. The IRS also determined that the Estate had a federal estate tax deficiency of $170,954.00, and was liable for an accuracy related penalty under 26 U.S.C. § 6662(a) in the amount of $34,191.00.

14. On May 5, 2010, the Internal Revenue Service sent a notice of deficiency to Widtfeldt as the Estate's executor. The notice set forth the gift and estate tax deficiencies and the values of the properties that underlay the deficiencies.

15. Widtfeldt received or had on the date of Gusteva's death a number of parcels of real properties that were included in the decedent's gross estate, including a 2,375 acre parcel of real property referred to as the "Fink Place" and the 3,400 acre parcel of real property referred to as the "Rock Falls Place."

16. The Fink Place and Rock Falls Place had a value as of the date of Gusteva's death of $896,187.00 and $912,128.00, respectively (as set forth in the notice of deficiency sent to Widtfeldt).

17. Widtfeldt filed a petition in United States Tax Court on July 9, 2010, challenging the gift and estate tax deficiencies. (U.S. Tax Court case no. 15907-10.) The Tax Court upheld the IRS's determination of the deficiencies owed by the Estate, which were based on the values of the gifted property and Estate property. *Widtfeldt v. Comm'r*, T.C. Dkt. No. 15907-10 (April 28, 2011), *aff'd without published opinion*, 449 Fed. Appx. 561 (8th Cir. 2012).

18. On July 13, 2011, pursuant to the Tax Court decision, the IRS made assessments against the Estate for the federal gift and estate taxes. Notice and demand for payment of the assessed liabilities was made on Widtfeldt as the Estate's executor, but the liabilities remain unpaid.

19. The balance owed on the assessments as of August 30, 2018, is $782,546.02 for the federal gift tax liability and $379,389.73 for the federal estate tax liability.

**COUNT I – 26 U.S.C. § 6324(b)**

20. The United States incorporates by reference the allegations set forth in paragraphs 1 through 19, above.

21. The federal gift tax assessments described above were the result of gifts made by Gusteva to Widtfeldt in 2004.

22. As set forth in the notice of deficiency and established by the Tax Court, the gifts made to Widtfeld had a value of $1,041,987.00 (*i.e.*, $549,935.00 for the River Place and $492,052.00 for the O'Neill Rental Houses) at the time the properties were gifted by Gusteva in 2004.

23. Section 6324(b) of the Internal Revenue Code (26 U.S.C.) provides that if the federal gift tax is not paid when due, the donee of any gift shall be personally liable for such tax to the extent of the value of such gift.

24. As a donee of gifts from Gusteva on which the federal gift tax is unpaid, Widtfeldt is personally liable under § 6324(b) for the unpaid gift tax liability in an amount not to exceed the value of his gifts. The value of the gifts received by Widtfeldt in 2004 ($1,041,987.00) exceeds the amount of the unpaid gift tax liability ($782,546.02), therefore he is liable for the full amount of the gift tax liability.

WHEREFORE, the United States requests that the Court enter judgment in its favor and against James Widtfeldt, pursuant to 26 U.S.C. § 6324(b), in the amount of $782,546.02, plus statutory interest accruing after August 30, 2018, pursuant to 26 U.S.C. §§ 6601, 6621, and 6622.

### COUNT II – 26 U.S.C. § 6324(a)(2)

25. The United States incorporates by reference the allegations set forth in paragraphs 1 through 19, above.

26. Section § 6324(a)(2) of the Internal Revenue Code (26 U.S.C.) provides that if property is included in the calculation of the gross estate, the transferee or beneficiary who receives or has on the date of the decedent's death such property becomes personally liable for the estate tax to the extent of the value of such property at the time of the decedent's death.

27. Widtfeldt received or had on the date of Gusteva's death the Fink Place and Rock Falls Place properties, both of which were included in the decedent's gross estate.

28. As set forth in the notice of deficiency and upheld by the Tax Court, the total value of the Fink Place and Rock Falls Place was $1,808,315.00 as of the date of Gusteva's death.

29. The outstanding balance of the federal estate tax is $379,389.73, as of August 30, 2018.

30. The combined value of the Fink Place and Rock Falls Place properties far exceeds the amount of the estate tax that remains unpaid; therefore, Widtfeldt is liable for the full amount of the outstanding estate tax liability.

WHEREFORE, the United States requests that the Court enter judgment in its favor and against James Widtfeldt, pursuant to 26 U.S.C. § 6324(a), in the amount of $379,389.73, plus statutory interest accruing after August 30, 2018, pursuant to 26 U.S.C. §§ 6601, 6621, and 6622.

**COUNT III – 26 U.S.C. 7403 Enforcement Action**

31. The United States incorporates by reference the allegations set forth in paragraphs 1 through 30, above.

32. Section 7403(a) of the Internal Revenue Code (26 U.S.C.) provides that if there has been a refusal or neglect to pay a tax or liability, the United States may bring an action to subject the property of the delinquent taxpayer to the payment of such tax or liability.

33. The United States seeks enforcement against two properties presently owned by Widtfeldt to satisfy the personal liabilities set forth in Counts I and II above.

34. The two properties are (a) the River Place and (b) the Rock Falls Place, more particularly described as:

(a) <u>River Place</u>--

    Lot 1 and Lot 2 (also described as the S1/2 NW1/4) of Section 24, Township 33, North, Range 13, West of the 6th P.M., Holt County Nebraska;
    Lot 3 and Lot 4 (also described as S1/2 NE 1/4) of Section 24, Township 33, North, Range 13, West of the 6th P.M., Holt County, Nebraska;
    Lot 4 (also described as the SW1/4 NW1/4) of Section 19, Township 33, North, Range 12, West of the 6th P.M., Holt County, Nebraska;
    The W1/2 SW1/4 and the SE1/4 SW1/4 of Section 19, Township 33, North, Range 12, West of the 6th P.M., Holt County, Nebraska;
    The NW1/4 of Section 30, Township 33, North, Range 12, West of the 6th P.M., Holt County, Nebraska;
    The South Half of Section 24, Township 33, North, Range 13, West of the 6th P.M., Holt County, Nebraska;
    The North Half and the SW1/4 and the N1/2 SE1/4 and the SW1/4 of the SE1/4, all in Section 25, Township 33, North, Range 13, West of the 6th P.M., Holt County, Nebraska;
    All of Section 26, Township 33, North, Range 13, West of the 6th P.M., Holt County, Nebraska, totaling 1990 acres, more or less.

(b) <u>Rock Falls Place</u>—

| Part of Section | Section Number | Township, North | Range West of 6th PM | Acres |
|---|---|---|---|---|
| West Half | 14 | 31 | 13 | 320 |
| W ½ SE ¼ | 14 | 31 | 13 | 80 |
| SE ¼ | 15 | 31 | 13 | 160 |
| SE ¼ SW ¼ | 15 | 31 | 13 | 40 |
| All | 23 | 31 | 13 | 640 |
| South Half | 24 | 31 | 13 | 320 |
| All | 25 | 31 | 13 | 640 |
| All | 26 | 31 | 13 | 640 |
| E Half SE ¼ | 27 | 31 | 13 | 80 |
| SE ¼ NE ¼ | 27 | 31 | 13 | 40 |
| North Half | 35 | 31 | 13 | 320 |
| N ½ SW ¼ | 35 | 31 | 13 | 80 |
| SW ¼ SW ¼ | 35 | 31 | 13 | 40 |

(3,400 acres, more or less)

35. Widtfeldt acquired ownership of the above two properties (subject to a life estate of Gusteva) on November 23, 2004. The warranty deeds naming him as the owner were recorded with the County Clerk for Holt County, Nebraska, on March 17, 2005.

36. The properties may be sold to satisfy Widtfeldt's liabilities set forth in this complaint.

WHEREFORE, the United States requests that, pursuant to 26 U.S.C. § 7403(c), the Court order that the properties be sold, that those persons occupying the properties leave and vacate the properties, and disburse the proceeds of sale to the United States to satisfy the 26 U.S.C. §§ 6324(a)(2) and (b) liabilities of James Widtfeldt set forth in Counts I and II of this complaint.

The United States further requests that the Court grant its costs incurred in the commencement and prosecution of this action, and for such other and further relief as the Court deems proper and just.

Date:  September 26, 2018

                                  Respectfully submitted,

                                  JOSEPH P. KELLY
                                  United States Attorney

                                   */s/ Martin M. Shoemaker*
                                  MARTIN M. SHOEMAKER
                                  Ga. Bar # 001340
                                  U.S. Dept. of Justice, Tax Division
                                  P.O. Box 7238
                                  Washington, DC  20044
                                  Phone:  (202) 514-6491
                                  Fax:  (202) 514-6770
                                  Email:  martin.m.shoemaker@usdoj.gov
                                  Attorney for Plaintiff, U.S.A.

Plaintiff designates Omaha as the place of trial.