IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 8:18CV453 |
| v. | |
| JAMES WIDTFELDT, | MEMORANDUM AND ORDER |
| Defendant. | |

This matter is before the Court on the government's Motion for Summary Judgment (Filing No. 36) against defendant James Widtfeldt[1] ("Widtfeldt") with jurisdiction under 26 U.S.C. § 7402(a) and 28 U.S.C. § 1340. Widtfeldt opposes the government's motion and moves to dismiss (Filing No. 41) this case. For the reasons stated below, the government's motion is granted and Widtfeldt's motion is denied.

**I.  BACKGROUND**[2]

In 2004, Gusteva Widtfeldt ("Gusteva"), Widtfeldt's mother, gifted Widtfeldt two parcels of real property—River Place and O'Neill Rental Houses—worth $1,041,987 ("gifted properties"). On February 8, 2006, Gusteva died. Widtfeldt, the executor of Gusteva's estate ("estate"), received or became titleholder to property included in the

---

[1]Widtfeldt, an attorney indefinitely suspended from practicing law in Nebraska, is representing himself in this matter.

[2]In his response (Filing No. 40), Widtfeldt failed to provide a "concise response to [the government's] statement of material facts," and the government's properly referenced material facts are considered admitted. NECivR 56.1(b)(1); *see also Ballard v. Heineman*, 548 F.3d 1132, 1133 (8th Cir. 2008) (considering statements of fact admitted under NECivR 56.1 when the opposing party did not respond). As has been his approach in this and other matters, Widtfeldt has not offered pertinent (or any) evidence to support his position and conspiracy theories regarding Lyme disease, judicial appointments, and so forth.

estate. Among that property were two parcels of real property referred to as Fink Place and Rock Falls Place, valued $896,180 and $912,128, respectively, at the time of Gusteva's death.

The Internal Revenue Service ("IRS") examined the estate and determined the estate owed both federal gift and estate taxes. The IRS discovered neither Gusteva nor the estate filed a federal gift-tax return for the gifted properties. Nor did the estate file a federal estate-tax return on Gusteva's death. For the gifted properties, the IRS determined the estate owed $305,141 in gift tax, $68,659.73 in late-filing penalties, and $76,285.25 in late-payment penalties. *See* 26 U.S.C. § 6651(a)(1) and (2). Further, the IRS found the estate owed $170,954 in estate tax and $34,191 for an inaccuracy penalty, *see id.* § 6662(a).

On May 5, 2010, the IRS notified (Filing No. 38-2) Widtfeldt, as the estate's executor, of the tax deficiencies. Widtfeldt challenged the deficiencies in the United States tax court ("tax court"). When Widtfeldt filed (like here) several frivolous pleadings and raised numerous nonsensical arguments, the tax court warned him it would entertain a motion to dismiss from the IRS if he did not make a relevant argument.

On April 26, 2011, the IRS filed a Motion to Dismiss for Failure to Properly Prosecute, which the tax court granted (Filing No. 38-6) on May 16, 2011 ("tax-court decision"). The tax court upheld the IRS's determinations of deficiencies, and the Eighth Circuit affirmed. *See Widtfeldt v. Comm'r*, 449 F. App'x 561 (8th Cir. 2012) (unpublished per curiam).

Based on the tax-court decision, on July 13, 2012, the IRS made assessments against the estate for the deficiencies. Despite the IRS issuing notice and demand for payment on Widtfeldt, as the estate's executor, the liabilities have not been paid. The record in this case shows the IRS attached a lien to the estate's property on March 19, 2013. As of May 15, 2019, the estate owed $813,699.28 in gift tax and $394,493.28 in estate tax.

The government now seeks (1) a money judgment against Widtfeldt holding him personally liable for the unpaid federal gift and estate taxes, *see* 26 U.S.C. § 6324, and (2) enforcement of that judgment against real property owned by Widtfeldt, *see id.* § 7403.

## II. DISCUSSION

### A. Standard of Review

The Court must "grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). If the movant informs the Court of the basis for its motion and identifies the portions of the record showing the absence of a genuine dispute of material fact, the nonmovant must respond with evidence establishing "specific facts showing there is a genuine issue for trial." *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011) (en banc) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986)).

### B. Tax Liability

When estate tax is not paid, a lien attaches to the gross estate. 26 U.S.C. § 6342(a)(1). The recipient of the property included in the gross estate then becomes "personally liable for such [unpaid] tax" up to the value of the property at the time of the decedent's death. *Id.* § 6324(a)(2). Similarly, a lien attaches to a gift if gift tax is not paid. *Id.* § 6324(b). The donee of the gift then is "personally liable for such tax to the extent of the value of the gift." *Id.*

Here, Widtfeldt received numerous parcels of real property included in the estate as well as the gifted properties from Gusteva. The government argues Widtfeldt is personally liable for the estate's tax deficiencies confirmed in the tax-court decision. *See id.* § 6324(a) and (b).

Widtfeldt resists, insisting, without support, that he completely purchased Gusteva's property by 1994. In other words, Widtfeldt seeks to rehash the tax-court decision that the

3

estate owes any taxes at all. The government, however, contends claim preclusion bars Widtfeldt from relitigating the tax-court decision.[3] The Court agrees.

Under claim preclusion, "a final judgment on the merits of an action precludes the parties . . . from relitigating issues that were or could have been raised in that action." *Magee v. Hamline Univ.*, 775 F.3d 1057, 1059 (8th Cir. 2015) (quoting *Knutson v. City of Fargo*, 600 F.3d 992, 996 (8th Cir. 2010)). Claim preclusion applies if "(1) the first suit resulted in a final judgment on the merits; (2) the first suit was based on proper jurisdiction; (3) both suits involve the same parties (or those in privity with them); and (4) both suits are based upon the same claims or causes of action." *Id.* (quoting *Yankton Sioux Tribe v. U.S. Dep't of Health & Human Servs.*, 533 F.3d 634, 639 (8th Cir. 2008)). "It is well established that the doctrine of res judicata applies to the field of federal taxation." *Baptiste v. Comm'r of Internal Revenue*, 29 F.3d 433, 436 (8th Cir. 1994).

Claim preclusion prevents Widtfeldt from rehashing the validity of the estate's tax deficiencies. First, the tax court issued a final judgment on the merits, *see* Tax Ct. R. 123(d) ("A decision rendered . . . in consequence of a dismissal, other than a dismissal for lack of jurisdiction, shall operate as an adjudication on the merits."), based on proper jurisdiction, *see* Tax Ct. R. 13(a) (explaining tax courts have jurisdiction over cases commenced by taxpayers after the IRS issues a notice of deficiency in estate tax or gift tax). Next, the tax-court case and present suit involve parties in privity—Widtfeldt in his capacity as the estate's executor and Widtfeldt in his personal capacity. *See Baptiste*, 29 F.3d at 436 ("It is well settled that a transferor, such as the estate in the present case, and a transferee, such as [Widtfeldt], are in privity for purposes of determining the amount of tax imposed on the transfer of a decedent's estate."); *United States v. Davenport*, 484 F.3d 321, 326 (5th Cir.

---

[3]The government uses the phrase "res judicata." "The preclusive effect of a judgment is defined by claim preclusion and issue preclusion, which are collectively referred to as 'res judicata.'" *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008). The Court will address only the issue raised by the government—claim preclusion.

4

2007) ("[T]he tax liability of the donor and donee are inseparable."). As noted by the government, Widtfeldt, as the executor of the estate, participated in the tax-court litigation.

Finally, the tax court considered the same questions of tax delinquency raised here. Widtfeldt already argued in tax court that the estate could not owe taxes because he owned all of Gusteva's property long before her death. And Widtfeldt has not presented any argument here that could not "have been raised in that action." *Magee*, 775 F.3d at 1059. Accordingly, the tax-court decision precludes Widtfeldt from relitigating the estate's tax deficiencies here.[4]

The estate's federal estate tax and gift tax have not been paid. Widtfeldt, the recipient of the estate's property and the gifted properties, is personally liable for those unpaid taxes. *See* 26 U.S.C. § 6324(a) and (b). The government is entitled to judgment against Widtfeldt for the outstanding balance of federal estate tax of $813,699.28 and federal gift tax of $394,493.28, each with statutory interest from May 15, 2019. *See id.* §§ 6601, 6621, and 6622.

### C. Enforcement

Having found Widtfeldt liable, the Court turns to the government's enforcement request. Once tax liability is established, the Court may order the sale of property owned by a delinquent taxpayer to satisfy that liability. *See id.* § 7403(c); 28 U.S.C. § 2001 (granting the Court authority to set the terms and conditions of a sale).

Here, the government requests the Court order the sale of two properties owned by Widtfeldt—River Place and Rock Falls Place—to satisfy Widtfeldt's federal gift tax and estate tax liabilities. The Court finds that request should be granted. Accordingly,

IT IS ORDERED:

---

[4] Even if claim preclusion did not apply, Widtfeldt has presented no relevant evidence in opposition to the government's motion to support his argument that he purchased Gusteva's property long before her death.

5

1. The government's Motion for Summary Judgment (Filing No. 36) is granted.

2. Defendant James Widtfeldt's Motion to Dismiss (Filing No. 41) is denied.

3. The government is entitled to summary judgment against Widtfeldt for federal estate-tax liability in the amount of $394,493.28 and federal gift-tax liability in the amount of $813,699.28, both with statutory interest after May 15, 2019. *See* 26 U.S.C. §§ 6601, 6621, and 6622.

4. The government is entitled to enforce Widtfeldt's federal tax liabilities against the following real properties presently owned by Widtfeldt:

   a. River Place:

   Lot 1 and Lot 2 (also described as the S 1/2 NW 1/4) of Section 24, Township 33, North, Range 13, West of the 6th P.M., Holt County, Nebraska,

   Lot 3 and Lot 4 (also described as S 1/2 NE 1/4) of Section 24, Township 33, North, Range 13, West of the 6th P.M., Holt County, Nebraska,

   Lot 4 (also described as the SW 1/4 NW 1/4) of Section 19, Township 33, North, Range 12, West of the 6th P.M., Holt County, Nebraska,

   The W 1/2 SW 1/4 and the SE 1/4 SW 1/4 of Section 19, Township 33, North, Range 12, West of the 6th P.M., Holt County, Nebraska,

   The NW 1/4 of Section 30, Township 33, North, Range 12, West of the 6th P.M., Holt County, Nebraska,

   The South Half of Section 24, Township 33, North, Range 13, West of the 6th P.M., Holt County, Nebraska,

   The North Half and the SW 1/4 and the N 1/2 SE 1/4 and the SW 1/4 of the SE 1/4, all in Section 25, Township 33, North, Range 13, West of the 6th P.M., Holt County, Nebraska,

   All of Section 26, Township 33, North, Range 13, West of the 6th P.M., Holt County, Nebraska, totaling 1990 acres, more or less.

   b. Rock Falls Place:

   The West Half of Section 14, Township 31, Range 13, West of 6th PM, Holt County, Nebraska,

   The W 1/2 SE 1/4 of Section 14, Township 31, Range 13, West of 6th PM, Holt County, Nebraska,

   The SE 1/4 of Section 15, Township 31, Range 13, West of 6th PM, Holt County, Nebraska,

  The SE 1/4 SW 1/4 of Section 15, Township 31, Range 13, West of 6th PM, Holt County, Nebraska,

  All of Section 23, Township 31, Range 13, West of 6th PM, Holt County, Nebraska,

  The South Half of Section 24, Township 31, Range 13, West of 6th PM, Holt County, Nebraska,

  All of Section 25, Township 31, Range 13, West of 6th PM, Holt County, Nebraska,

  All of Section 26, Township 31, Range 13, West of 6th PM, Holt County, Nebraska,

  The East Half SE 1/4 of Section 27, Township 31, Range 13, West of 6th PM, Holt County, Nebraska,

  The SE 1/4 NE 1/4 of Section 27, Township 31, Range 13, West of 6th PM, Holt County, Nebraska,

  The North Half of Section 35, Township 31, Range 13, West of 6th PM, Holt County, Nebraska,

  The N 1/2 SW 1/4 of Section 35, Township 31, Range 13, West of 6th PM, Holt County, Nebraska,

  The SW 1/4 SW 1/4 of Section 35, Township 31, Range 13, West of 6th PM, Holt County, Nebraska, (3,400 acres, more or less).

5. The Court orders the sale of River Place and Rock Falls Place under 28 U.S.C. § 2001.

6. Proceeds from the sale should be paid to the government first to cover the cost of the sale and second to satisfy Widtfeldt's federal tax liabilities. Any residual proceeds should be paid to Widtfeldt.

7. A separate judgment will issue.

Dated this 17th day of September 2019.

          BY THE COURT:

          *Robert F. Rossiter, Jr.* (signature)

          Robert F. Rossiter, Jr.
          United States District Judge